**GARDEN STATE TIRE REALTY CORP., Plaintiff,**

v.

**R.K.R. HESS ASSOCIATES, INC., et al., Defendants.**

**Civ. No. 89–1715.**

United States District Court, M.D. Pennsylvania.

June 14, 1990.

Donald H. Brobst, Wilkes Barre, Pa., James C. Oschal, Rosenn, Jenkins & Greenwald, Wilkes Barre, Pa., for Garden State Tire Realty Corp.

George W. Westervelt, Jr., Stroudsburg, Pa., for R.K.R. Hess Associates, Inc., David Ross, Herbert A. Hobson, Samuel D'Alessandro, William Hopkins.

Arthur L. Zulick, Muth & Zulick, Stroudsburg, Pa., for Charles Merring.

### MEMORANDUM

KOSIK, District Judge.

Plaintiff filed a complaint in the instant action on December 5, 1989. The complaint is based on an allegedly improper real estate transaction.

On March 13, 1990 defendants R.K.R. Hess Associates, Inc., David Ross, Herbert A. Hobson, Samuel D'Alessandro, William Hopkins, t/a 304 Park Avenue Real Estate Partnership [hereinafter "Hess defendants"], filed a motion for dismissal pursuant to Fed.R.Civ.P. 12(b)(6). A brief in support thereof was filed on March 23, 1990. On March 15, 1990, a motion for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) was filed by defendants Myron Ehrlich and Charles Merring [hereinafter "Ehrlich defendants"]. A brief in support thereof was filed on March 26, 1990. Plaintiff's brief in opposition to defendants' motions to dismiss the complaint was filed on April 27,

1990. A reply brief was filed by the Hess defendants on May 7, 1990.

In ruling on a motion to dismiss, the complaint is to be construed in the light most favorable to the plaintiffs and its allegations are to be taken as true. Further, the complaint cannot be dismissed unless the plaintiffs can prove no set of facts which would entitle them to relief. *See Angelastro v. Prudential–Bache Securities, Inc.*, 764 F.2d 939 (3d Cir.1985), *cert. denied* 474 U.S. 935, 106 S.Ct. 267, 88 L.Ed.2d 274 (1985). With this standard in mind, we will address the defendants' motions for dismissal.

*Hess Defendants' Motion for Dismissal*

In its request for relief, plaintiff demands punitive damages and attorney's fees. In its motion to dismiss, defendants allege that plaintiff has failed to allege any basis upon which punitive damages and attorney's fees [1] may be awarded.

 As to the question of punitive damages, punitive damages are awarded to deter outrageous and malicious conduct and to deter a wrongdoer from engaging in similar conduct in the future. In order to award punitive damages, there must have been acts done with bad motive or with reckless indifference to the interest of another. Further, the standard for awarding punitive damages is high in that the plaintiff must show wilful, intentional and malicious conduct on the part of the defendant. *Reliable Tire Distributors, Inc. v. Kelly Springfield Tire Co.*, 607 F.Supp. 361 (E.D. Pa.1985); *Allstate Insurance Company v. A.M. Pugh Associates, Inc.*, 604 F.Supp. 85 (M.D.Pa.1984).

We have reviewed plaintiff's eight count complaint in tort and contract. While we agree with the Hess defendants that the claimed behavior may not rise to the level of outrageous conduct required for the imposition of punitive damages, given the current state of the record, the court is unable to conclude beyond doubt that the plaintiff can prove no set of facts in support of their claim for punitive damages.

In Counts I through IV and VI, plaintiff requests:

"B. Recision of the sale of the property to the Real Estate Partnership and an Order directing MYRON EHRLICH and CHARLES MERRING to sell the property to GARDEN STATE according to the terms of the Agreement of Sale ..."

In their motion to dismiss, the Hess defendants argue that plaintiff has failed to allege any basis upon which they may be directed to specifically perform the alleged contract entered into by the plaintiff and Ehrlich defendants. In particular, the Hess defendants argue that plaintiff's request for specific performance against them should be dismissed because the Hess defendants were not parties to the alleged agreement and the Hess defendants did not, at the time of the alleged agreement, own the subject property. Plaintiff apparently agrees with this assessment. At Page 14 of their brief [Document 18], plaintiff asserts that "Plaintiff obviously does not seek specific performance from defendants who are not parties to the original contract."

Plaintiff next argues that the contract for the sale of property between the Ehrlich defendants and the Real Estate Partnership [Hess defendants] is illegal as a matter of law and should be rescinded or in the alternative, a constructive trust should be imposed upon the property in favor of plaintiff. We believe plaintiff's arguments are misplaced. None of the cases cited by plaintiff are factually analogous to the instant situation and all are distinguishable. Further, as the court points out in *Hostetter v. Hoover*, 378 Pa.Super. 1, 547 A.2d 1247, 1250 (1988), *Alloc. denied* 523 Pa. 642, 565 A.2d 1167 (1989), when addressing the statute of frauds [2]:

The statute of frauds directs that agreements for the sale of real estate shall not be enforced unless they are in

---

1. In its brief in opposition to defendants' motions to dismiss the complaint [Doc. 18], plaintiff withdrew its request for attorney's fees against all defendants. (P. 5, n. 1).

2. Act of March 21, 1772, 1 Sm.L. 389, § 1, 33 P.S. § 1.

writing and signed by the seller. The purpose of the statute is to prevent perjury and fraudulent claims. [citations omitted]. As a general rule, the effect of the statute is to render oral contracts for the sale of real estate unenforceable, although not invalid. Therefore, they cannot be specifically enforced, even though they may possible form the basis for an action to recover damages. [citations omitted].

See also *Fannin v. Cratty*, 331 Pa.Super. 326, 480 A.2d 1056 (1984).

In Counts I through IV and VI of their complaint, plaintiff seeks damages in excess of fifty thousand dollars, as well as specific performance. As the court points out in *Hostetter, supra*, oral contracts for the sale of real estate are unenforceable and cannot be specifically enforced. However, they may form the basis for an action to recover damages. Accordingly, the plaintiff's request for rescission, or alternatively for the imposition of a constructive trust,[3] is not warranted. We will grant the Hess defendants' request to dismiss plaintiff's request for specific performance against them in Counts I through IV and VI.

The Hess defendants request that Count III of plaintiff's complaint be dismissed alleging that the plaintiff has failed to state a claim for intentional interference with contractual relations in that no valid contract for the sale of property existed. Defendants raise the statute of frauds.

As we indicated earlier, as a general rule, the effect of the statute of frauds is to render oral contracts for the sale of real estate *unenforceable* although not *invalid*. See *Hostetter, supra*. In ruling on a motion to dismiss, the complaint cannot be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief. Based on the current state of the record, we cannot find that no valid contract existed. Accordingly, the Hess defendants' motion to dismiss Count III of the complaint is denied.

The Hess defendants next argue that Count I of the complaint fails to allege a cognizable claim for damages. Accepting the allegations in Count I as true, plaintiff generally alleges a breach by the Hess defendants of a contract with plaintiff to perform architectural and engineering services including a breach of fiduciary duty. Given the current state of the record, the court is unable to conclude beyond doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. Nor do we believe that the allegations fail to put the Hess defendants on notice as to the claim against them. Accordingly, the Hess defendants' motion to dismiss Count I, or in the alternative for a more specific pleading, is denied.

Finally, the Hess defendants object to Count IV of plaintiff's complaint against the individual defendants. While we agree with the Hess defendants that the liability of the individual defendants may be tenuous at this time, it does not follow that the motion to dismiss should be granted. Instead, the more prudent course would be to deny the motion to dismiss Count IV and to allow discovery to proceed.

*Ehrlich Defendants' Motion for Dismissal*

Plaintiff's complaint against the Ehrlich defendants is found in Counts VII and VIII. The basis of the counts is breach of contract and detrimental reliance.

First, the Ehrlich defendants allege that the plaintiff's request for punitive damages should be dismissed. As we stated in addressing the Hess defendants' motion on punitive damages, while it may be true that the Ehrlich defendants' behavior did not rise to the level of outrageous conduct required for the imposition of punitive damages, given the current state of the record, and accepting plaintiff's allegations as true, the court is unable to conclude beyond doubt that the plaintiff can prove no set of facts in support of their claim. Therefore, we will deny defendants' motion to dismiss the punitive damages claim at this time and

---

**3.** We would also like to note that we agree with the Hess defendants that plaintiff's request for imposition of a constructive trust does not appear in the complaint and is raised for the first time in its brief.

allow discovery to proceed on the conduct of the parties.

In Counts VII and VIII, plaintiff requests specific performance of the alleged agreement of sale between plaintiff and the Ehrlich defendants, to wit, that the sale of the property be rescinded and the Ehrlich defendants be directed to sell the property to plaintiff. The Ehrlich defendants assert that plaintiff has failed to allege any basis upon which the Ehrlich defendants may be directed to specifically perform the alleged contract entered into by plaintiff and the Ehrlich defendants. As indicated above, we agree with the Ehrlich defendants' argument.

The statute of frauds directs that agreements for the sale of real estate shall not be enforced unless they are in writing and signed by the seller. As a general rule, the effect of the statute of frauds is to render oral contracts for the sale of land unenforceable in an action for specific performance, even though liability may be imposed in an action for monetary damages. *See Hostetter v. Hoover*, 378 Pa.Super. 1, 547 A.2d 1247 (1988), *Alloc. denied* 523 Pa. 642, 565 A.2d 1167 (1989); *Fannin v. Cratty*, 331 Pa.Super. 326, 480 A.2d 1056 (1984).

Because the instant agreement for the sale of real estate between plaintiff and the Ehrlich defendants was not in writing and signed by the sellers, we find the oral agreement unenforceable by specific performance. Accordingly, the Ehrlich defendants' motion to dismiss plaintiff's request for specific performance will be granted.

Finally, the Ehrlich defendants request that Count VII of plaintiff's complaint be dismissed for failure to allege a valid and enforceable contract. In Count VII of the complaint, plaintiff requests monetary damages in addition to the request for specific performance.

As indicated earlier, liability may be imposed for breach of an oral agreement in an action for monetary damages, notwithstanding the fact that the statute of frauds rendered the oral agreement unenforceable in an action for specific performance. *See Hostetter, supra; Fannin, supra.* Accepting the allegations raised in plaintiff's complaint as true, we believe that plaintiff has sufficiently set forth a claim for breach of an oral agreement. Accordingly, the Ehrlich defendants' motion to dismiss Count VII will be denied.

## ORDER

NOW, THEREFORE, this 14 day of June, 1990, IT IS HEREBY ORDERED THAT:

[1] the Hess defendants' motion that plaintiff's claim for punitive damages be dismissed is denied;

[2] the Hess defendants' motion to dismiss plaintiff's request for specific performance, rescission, or alternatively for the imposition of a constructive trust is granted;

[3] the Hess defendants' motion to dismiss Count III of plaintiff's complaint is denied;

[4] the Hess defendants' motion to dismiss Count I, or in the alternative for a more specific pleading, is denied;

[5] the Hess defendants' motion to dismiss Count IV of plaintiff's complaint is denied;

[6] the plaintiff's request for attorney's fees is withdrawn against all defendants;

[7] the Ehrlich defendants' motion to dismiss plaintiff's punitive damages claim is denied;

[8] the Ehrlich defendants' motion to dismiss plaintiff's request for specific performance, recision and resale to plaintiff is granted;

[9] the Ehrlich defendants' motion to dismiss Count VII of plaintiff's complaint is denied; and

[10] all defendants are allowed twenty [20] days from the date of this Order in which to file a response to plaintiff's complaint.